**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION**

| | |
|---|---|
| FEDERAL TRADE COMMISSION, *et al.*,<br><br>        Plaintiffs,<br><br>    v.<br><br>LINDSAY CHEVROLET, L.L.C., *et al.*,<br><br>        Defendants. | Case No. 1:24-cv-2362 |

**PAUL SMYTH'S ANSWER
TO SECOND AMENDED COMPLAINT**

Defendant Paul Smyth ("Smyth"), by counsel, pursuant to Rule 12 of the Federal Rules of Civil Procedure, states as follows for his Answer to the allegations in the Second Amended Complaint (the "Complaint") filed in this action by the Federal Trade Commission (the "FTC") and the Office of the Maryland Attorney General, Consumer Protection Division (the "Division" and, together with the FTC, "Plaintiffs"):

In response to the allegations in the separately numbered paragraphs of the Complaint, Smyth responds as follows:

1.      Smyth admits that the FTC is bringing an action.  Smyth otherwise denies the allegations in Paragraph 1.

2.      Smyth admits that the Division is bringing an action.  Smyth otherwise denies the allegations in Paragraph 2.

**JURISDICTION AND VENUE**

3.      Paragraph 3 states legal conclusions to which no response is required.  To the extent a response is required, Smyth admits that the Court has subject matter jurisdiction over the claims brought by the FTC.  Smyth otherwise denies the allegations in Paragraph 3.

1

4.        Paragraph 4 states legal conclusions to which no response is required.  To the extent a response is required, Smyth states that the Court may choose to exercise supplemental jurisdiction over the Division's claims, but it may also choose to decline supplemental jurisdiction pursuant to 28 U.S.C. § 1367(c), including because the Division's claims present novel issues of Maryland law, and because the Division's claims—the only claims for which monetary relief is available—predominate over the FTC's claims. Smyth states further that he reserves the right to challenge this at a later point to the extent the federal claims are reduced or no longer pending. Smyth further denies that the Division is entitled to any relief.

5.        Paragraph 5 states legal conclusions to which no response is required.  To the extent a response is required, Smyth admits that venue is proper in this Court.  Smyth otherwise denies the allegations in Paragraph 5.

## PLAINTIFFS

6.        Smyth admits the allegations in Paragraph 6.

7.        Smyth admits the allegations in Paragraph 7.  Smyth further states that the CPA governs conduct occurring only within the state of Maryland.  *See Consumer Prot. Div. v. Outdoor World Corp.*, 603 A.2d 1376, 1383 (1992) (Consumer Protection Division of the Maryland Office of the Attorney General "has no authority, directly, to preclude sales practices that occur entirely within other States"); *Elyazidi v. SunTrust Bank*, No. 13-2204, 2014 WL 824129, at *8 (D. Md. Feb. 28, 2014), *aff'd*, 780 F.3d 227 (4th Cir. 2015) (dismissing CPA claim since "conduct about which Plaintiff complains occurred entirely in the Commonwealth of Virginia").

## DEFENDANTS

8.        Smyth no longer works for the Lindsay Defendants so he lacks knowledge regarding the allegations in Paragraph 8 as it relates to the present day.  Smith admits that while

he was employed, Lindsay Chevrolet, L.L.C., also doing business as Lindsay Chevrolet of Woodbridge ("Lindsay Chevrolet"), was a Virginia limited liability company that transacted business in the Eastern District of Virginia. Smyth further admits that while he was employed, Lindsay Chevrolet's principal place of business was at 15605 Richmond Highway, Woodbridge, VA 22191.

9.      Smyth no longer works for the Lindsay Defendants so he lacks knowledge regarding the allegations in Paragraph 9 as it relates to the present day. Smyth admits that while he was employed, Lindsay Chrysler-Dodge-Jeep-Ram ("Lindsay CDJR"), was a Virginia limited liability company that transacted business in the Eastern District of Virginia. Smyth further admits that while he was employed, Lindsay CDJR's principal place of business was at 8100 Centreville Road, Manassas, VA 20111.

10.      Smyth no longer works for the Lindsay Defendants so he lacks knowledge regarding the allegations in Paragraph 10 as it relates to the present day. Smyth admits that while he was employed, Lindsay Ford of Wheaton ("Lindsay Ford"), was a Maryland limited liability company. Smyth further admits that while he was employed, Lindsay Ford's principal place of business was at 11250 Veirs Mill Road, Wheaton, MD 20902. Smyth otherwise denies the allegations in Paragraph 10.

11.      Smyth no longer works for the Lindsay Defendants so he lacks knowledge regarding the allegations in Paragraph 11 as it relates to the present day. Smyth admits that while he was employed, Lindsay Management Company, LLC ("Lindsay Management") was a Virginia limited liability company with its principal place of business at 3410 King Street, Alexandria, VA 22302, and that Lindsay Management conducted business in the Eastern District of Virginia. Smyth also admits that while he was employed, Lindsay Management provided operational services to Lindsay dealerships, but denies Plaintiffs' characterization of the nature

3

of services provided.   Smyth denies the remaining allegations in Paragraph 11, which are unrelated to the claims at issue in this action.

12.     Paragraph 12 contains no allegations, and therefore no response is required.

13.     Smyth no longer works for the Lindsay Defendants so he lacks knowledge regarding the allegations in Paragraph 13 as it relates to the present day. Smyth admits that while he was employed, Michael Lindsay was a resident of and conducted business in this District. Smyth denies the remaining allegations in Paragraph 13, including those characterizing Michael Lindsay's role and responsibilities and ownership status with respect to the Lindsay entities.

14.     Smyth no longer works for the Lindsay Defendants so he lacks knowledge regarding the allegations in Paragraph 14 as it relates to the present day.  Smyth admits that while he was employed, John Smallwood was the Chief Operating Officer of Lindsay Management and conducted business in the Eastern District of Virginia.  Smyth denies the remaining allegations in Paragraph 14, including those characterizing John Smallwood's role and responsibilities.

15.     Smyth denies that he is an individual who resides in this District and conducts business in this District, but Smyth admits that he was formerly employed in this District.  Smyth denies that he is currently the General Manager of Lindsay Chevrolet, Lindsay CDJR, and Lindsay Ford.  Smyth denies the remaining allegations in Paragraph 15, including those characterizing his role and responsibilities.

16.     Paragraph 16 contains no allegations, and therefore no response is required.

### COMMON ENTERPRISE

17.     Smyth denies the allegations in Paragraph 17.

### COMMERCE

18.     Paragraph 18 states a legal conclusion to which no response is required.  To the extent that a response is required, Smyth denies the allegations in Paragraph 18.

4

## DEFENDANTS' BUSINESS ACTIVITIES

19.     Smyth admits that Michael Lindsay was part-owner and president of Lindsay Management, Lindsay Chevrolet, Lindsay CDJR, and Lindsay Ford, and that John Smallwood was Chief Operating Officer of Lindsay Management as of the date that Smyth's employment with the Lindsay Defendants ended.  Smyth further admits that Lindsay Chevrolet and Lindsay CDJR are automotive dealerships located in Virginia, that Lindsay Ford is an automotive dealership located in Maryland, and that Lindsay Chevrolet, Lindsay CDJR, and Lindsay Ford conduct business as part of the "Lindsay Automotive Group."  To the extent the allegations in Paragraph 19 concern Smyth, Smyth denies that he is currently employed by any of the other Defendants named in this lawsuit.  Smyth denies the remaining allegations in Paragraph 19.

### Lindsay's Deceptive Advertising

20.     Smyth denies the allegations in the first sentence of Paragraph 20.  Smyth admits that at times the Lindsay Chevrolet website has included a "Lindsay Love It Price" on some vehicles listed on its website.  Smyth denies the implication in Paragraph 20 that advertising a "Lindsay Love It Price" is false, deceptive, or misleading.  The remaining allegations regarding "an advertisement on Lindsay's website" are unspecified and vague, including because they omit even basic information sufficient to identify the alleged advertisement at issue, such as its date, a website address, or the VIN number of the car being advertised, and on that basis, Smyth denies those allegations.

21.     Smyth states that the allegations referring to unidentified "consumers," unidentified "Lindsay employees," unidentified "low prices," unidentified "advertised vehicle," unidentified "advertised price," unidentified "dealership," and what unspecified "consumers . . . believe," are unspecified and vague, and on that basis, Smyth denies them.  Smyth denies the remaining allegations in Paragraph 21.

22.     Smyth states that the allegations referring to unidentified "consumers," unidentified "dealerships," unidentified "advertisements," and unidentified "prices" are unspecified and vague, and on that basis, denies those allegations. Smyth lacks knowledge regarding the language quoted in the final sentence of Paragraph 22, and therefore denies the same and further denies Plaintiffs' characterization of that communication. Smyth denies the remaining allegations in Paragraph 22.

23.     Smyth denies the allegations in the first sentence of Paragraph 23. The remaining allegations referring to unidentified "numerous instances," unidentified "consumers," unidentified "advertised price," unidentified "dealership," and unidentified "random sample of Lindsay's transactions" are unspecified and vague, and on that basis, Smyth denies them. Smyth denies the remaining allegations in Paragraph 23.

24.     Smyth denies the allegations the first sentence of Paragraph 24. Smyth lacks knowledge regarding the quoted language relating to first responders in the third sentence of Paragraph 24 appears and therefore denies the same, and further denies Plaintiffs' characterization of that communication. Smyth states that the allegations referring to unidentified "consumer[s]" are unspecified and vague, and on that basis, Smyth denies those allegations. Smyth denies the remaining allegations in Paragraph 24.

25.     Smyth denies the allegations in the first and last sentences of Paragraph 25. Smyth lacks knowledge regarding the quoted language relating to a "Blazer Package," fees for "CPO, air filter, and floor mats," and a "Mopar package" and therefore denies the same, and further denies Plaintiffs' characterization of those communications. Smyth states that the remaining allegations referring to unidentified "consumers" and unidentified "advertisements" are unspecified and vague, and on that basis, Smyth denies those allegations.

26.    Smyth states that the allegations referring to unidentified "employees," an unidentified "consumer," and an unidentified "advertised price" are unspecified and vague, and on that basis, Smyth denies those allegations.  Smyth denies the remaining allegations in Paragraph 26.

27.    Smyth denies the allegations in the first sentence of Paragraph 27.  Smyth states that the allegations referring to unidentified "consumers," unidentified "employee[s]," an unidentified "salesperson" and "manager," and an unidentified "advertised price" are unspecified and vague, and on that basis, Smyth denies those allegations.  Smyth denies the remaining allegations in Paragraph 27.

28.    Smyth denies the allegations in the first and last sentences of Paragraph 28.  Smyth lacks specific knowledge regarding the language quoted in the second sentence of Paragraph 28 and therefore denies the same, and further denies Plaintiffs' characterization of that communication.

29.    Smyth denies the allegations in the first sentence of Paragraph 29.  Smyth states that the remaining allegations regarding "advertisements" and "statements about Lindsay's pricing" on Lindsay Chevrolet's website are unspecified and vague, omitting even basic information sufficient to identify the alleged pricing statements and corresponding advertisements at issue, or even whether the alleged pricing statements appeared on Lindsay Chevrolet's website, and, on that basis, Smyth denies those allegations.

30.    Smyth lacks knowledge as to whether the Dealerships currently charge a dealer processing charge.  Smyth states that the remaining allegations regarding disclosures on Lindsay Ford's website are unspecified and vague, omitting even basic information sufficient to identify the alleged disclosure at issue, including the alleged "typeface," or even whether the disclosure appeared on Lindsay Ford's website, and, on that basis, Smyth denies those allegations.

**Lindsay's Unlawful Financing and Add-on Practices**

31.     Because he no longer works for Lindsay, Smyth lacks knowledge regarding the allegation that prior to leaving the dealership with one of Lindsay's vehicles, customers meet with a Lindsay finance manager to discuss, among other things, how the customer intends to pay the dealership for the valuable vehicle that the dealership is providing.  He therefore denies the allegation and denies Plaintiffs' characterization of such process.  Smyth denies the remaining allegations in Paragraph 31.

**Lindsay Falsely Claims Consumers Must Finance Through The Dealership**

32.     Smyth admits that cars may be purchased in a variety of ways, including in cash, through financing through a financial institution, or through financing arranged through a dealership.  Smyth denies the remaining allegations in Paragraph 32.

33.     Smyth denies the allegations in Paragraph 33.

34.     Smyth states that the allegations in Paragraph 34 referring to an unidentified "consumer" are unspecified and vague, and on that basis, Smyth denies those allegations.  Smyth denies the remaining allegations in Paragraph 34.

35.     Smyth states that the allegations in Paragraph 35 referring to an unidentified "consumer" are unspecified and vague, and on that basis, Smyth denies those allegations.  Smyth denies the remaining allegations in Paragraph 35.

36.     Smyth states that the allegations in Paragraph 36 referring to an unidentified "consumer" are unspecified and vague, and on that basis, Smyth denies those allegations.  Smyth denies the remaining allegations in Paragraph 36.

37.     Smyth states that the allegations in Paragraph 37 referring to a "survey of consumers"—the details of which have not been shared with Smyth—are unspecified and vague,

8

and on that basis, Smyth denies those allegations.  Smyth denies the remaining allegations in Paragraph 37.

38.    Smyth lacks knowledge regarding any admission by Lindsay and therefore denies the same.  Smyth denies the remaining allegations in Paragraph 38.

### Lindsay's Unauthorized and Deceptive Add-on Charges

39.    Smyth denies the allegations in Paragraph 39.

40.    Smyth denies the allegations in Paragraph 40.

41.    Smyth states that the allegations in Paragraph 41 referring to an unidentified "consumer" are unspecified and vague, and on that basis, Smyth denies those allegations.  Smyth denies the remaining allegations in Paragraph 41.

42.    Smyth denies the allegations in the first sentence of Paragraph 42.  Smyth states that the remaining allegations in Paragraph 42 referring to unidentified "consumers" are unspecified and vague, and on that basis, Smyth denies those allegations.

43.    Smyth states that the allegations in Paragraph 43 referring to a "survey of Lindsay's consumers"—the details of which Plaintiffs have not shared with Smyth—are unspecified and vague, and on that basis, Smyth denies those allegations.  Smyth denies the remaining allegations in Paragraph 43.

### Defendants' Violation of Maryland State Dealer Advertising Laws

44.    Smyth states that Paragraph 44 contains legal conclusions to which no response is required.  To the extent a response is required, Smyth denies the allegations in Paragraph 44. Smyth further states that the Transportation Article of the Maryland Code "regulate[s] vehicle dealers" only "in Maryland," and the CPA governs conduct occurring only within the state of Maryland.  *See Outdoor World Corp.*, 603 A.2d at 1383 (Consumer Protection Division of the Maryland Office of the Attorney General "has no authority, directly, to preclude sales practices

that occur entirely within other States"); *Elyazidi*, 2014 WL 824129, at *8 (dismissing CPA claim since "conduct about which Plaintiff complains occurred entirely in the Commonwealth of Virginia"). Thus, the allegations in Paragraph 44 are irrelevant to the majority of the events at issue in this case, which occurred in Virginia.

45.    Smyth states that Paragraph 45 contains legal conclusions to which no response is required. To the extent a response is required, Smyth denies the allegations in Paragraph 45. Smyth further states that the Transportation Article of the Maryland Code "regulate[s] vehicle dealers" only "in Maryland," and the CPA governs conduct occurring only within the state of Maryland. *See Outdoor World Corp.*, 603 A.2d at 1383 (Consumer Protection Division of the Maryland Office of the Attorney General "has no authority, directly, to preclude sales practices that occur entirely within other States"); *Elyazidi*, 2014 WL 824129, at *8 (dismissing CPA claim since "conduct about which Plaintiff complains occurred entirely in the Commonwealth of Virginia"). Thus, the allegations in Paragraph 45 are irrelevant to the majority of the events at issue in this case, which occurred in Virginia.

46.    Smyth states that Paragraph 46 contains legal conclusions to which no response is required. To the extent a response is required, Smyth denies the allegations in Paragraph 46. Smyth further states that the Transportation Article of the Maryland Code "regulate[s] vehicle dealers" only "in Maryland," and the CPA governs conduct occurring only within the state of Maryland. *See Outdoor World Corp.*, 603 A.2d at 1383 (Consumer Protection Division of the Maryland Office of the Attorney General "has no authority, directly, to preclude sales practices that occur entirely within other States"); *Elyazidi*, 2014 WL 824129, at *8 (dismissing CPA claim since "conduct about which Plaintiff complains occurred entirely in the Commonwealth of Virginia"). Thus, the allegations in Paragraph 46 are irrelevant to the majority of the events at issue in this case, which occurred in Virginia.

47.     Smyth denies the allegations in Paragraph 47.  Smyth further states that the Transportation Article of the Maryland Code "regulate[s] vehicle dealers" only "in Maryland," and the CPA governs conduct occurring only within the state of Maryland.  *See Outdoor World Corp.*, 603 A.2d at 1383 (Consumer Protection Division of the Maryland Office of the Attorney General "has no authority, directly, to preclude sales practices that occur entirely within other States"); *Elyazidi*, 2014 WL 824129, at *8 (dismissing CPA claim since "conduct about which Plaintiff complains occurred entirely in the Commonwealth of Virginia").  Thus, the allegations in Paragraph 47 are irrelevant to the majority of the events at issue in this case, which occurred in Virginia.

### The Individual Defendants' Responsibility for the Unlawful Conduct

48.     Smyth denies the allegations in Paragraph 48.

49.     Smyth states that Lindsay Chevrolet and Lindsay CDJR have had tens of thousands of exchanges with prospective and actual customers since 2013.  Smyth admits that since 2013, Lindsay Chevrolet and Lindsay CDJR have received four citations from the Virginia Motor Vehicle Dealer Board.  Smyth denies the Complaint's characterization of these citations, and otherwise denies the allegations in Paragraph 49.

50.     Smyth lacks specific knowledge regarding the language quoted in Paragraph 50 from communications sent by Lindsay employees, and therefore denies the same and denies Plaintiffs' characterization of those communications.  Smyth denies the remaining allegations in Paragraph 50.

51.     Smyth lacks specific knowledge regarding the language quoted in Paragraph 51 from communications from Lindsay consumers, and therefore denies the same and further denies Plaintiffs' characterization of those communications.  Smyth states that the allegations referring

to unidentified "consumers" are unspecified and vague, and on that basis, denies those allegations. Smyth denies the remaining allegations in Paragraph 51.

52.     Smyth states that the allegations referring to an unidentified "online video" and unidentified "consumers" are unspecified and vague, and on that basis, denies those allegations. Smyth lacks specific knowledge regarding the language quoted in the fourth, fifth, and sixth sentences of Paragraph 52 and therefore denies the same and Plaintiffs' characterization of those communications.  Smyth denies the remaining allegations in Paragraph 52.

53.     Smyth lacks specific knowledge regarding the language quoted in Paragraph 53 in communications received by Lindsay employees, and therefore denies the same and denies Plaintiffs' characterization of those communications.  Smyth denies the remaining allegations in Paragraph 53.

54.     Smyth denies the allegations in Paragraph 54.

### VIOLATIONS OF THE FTC ACT

55.     Smyth admits that Paragraph 55 selectively quotes from the referenced statute, 15 U.S.C. § 45(a).  Smyth respectfully refers the Court to the statute itself and denies any allegations inconsistent therewith.

56.     Paragraph 56 states legal conclusions to which no response is required. To the extent that a response is required, Smyth respectfully refers the Court to the statute referenced, 15 U.S.C. § 45(a), and denies any allegations inconsistent therewith.

57.     Paragraph 57 states legal conclusions to which no response is required. To the extent that a response is required, Smyth respectfully refers the Court to the statute referenced, 15 U.S.C. § 45(a), and denies any allegations inconsistent therewith.

## Count I
### Misrepresentations Regarding Advertised Prices
### (By Plaintiff FTC against all Defendants)

58.    Smyth states that the allegations regarding "numerous instances," "advertising," "marketing," "promotion," "offering for sale," "lease," "financing," and "vehicles" are unspecified and vague, and on that basis, Smyth denies those allegations.  Smyth denies the remaining allegations in Paragraph 58.

59.    Smyth states that the allegations in Paragraph 59 are unspecified and vague, and on that basis, Smyth denies those allegations.  Smyth denies the implication in Paragraph 59 that he has engaged in false, deceptive, or misleading conduct.

60.    Smyth denies the allegations in Paragraph 60.

## Count II
### Misrepresentations Regarding Financing
### (By Plaintiff FTC against all Defendants)

61.    Smyth states that the allegations regarding "numerous instances," "advertising," "marketing," "promotion," "offering for sale," "lease," "financing," "vehicles," "advertised price," and "consumers" are unspecified and vague, and on that basis, Smyth denies those allegations.  Smyth denies the remaining allegations in Paragraph 61.

62.    Smyth states that the allegations in Paragraph 62 are unspecified and vague, and on that basis, Smyth denies those allegations.  Smyth denies the implication in Paragraph 62 that he has engaged in false, deceptive, or misleading conduct.

63.    Smyth denies the allegations in Paragraph 63.

## Count III
### Misrepresentations Regarding Add-On Charges
### (By Plaintiff FTC against all Defendants)

64.    Smyth states that the allegations regarding "numerous instances," "advertising," "marketing," "promotion," "offering for sale," "lease," "financing," "vehicles," and "add-ons"

13

are unspecified and vague, and on that basis, Smyth denies those allegations. Smyth denies the remaining allegations in Paragraph 64.

65.    Smyth states that the allegations in Paragraph 65 are unspecified and vague, and on that basis, Smyth denies those allegations. Smyth denies the implication in Paragraph 65 that he has engaged in false, deceptive, or misleading conduct.

66.    Smyth denies the allegations in Paragraph 66.

### Count IV
### Misrepresentations Regarding Charges
### (By Plaintiff FTC against all Defendants)

67.    Smyth states that the allegations referring to "numerous instances," "offering for sale," "lease," "financing," "vehicles," "charges," "sales contracts," and "consumers" are unspecified and vague, and on that basis, Smyth denies those allegations. Smyth further denies the remaining allegations in Paragraph 67.

68.    Smyth denies the allegations in Paragraph 68.

69.    Smyth denies the allegations in Paragraph 69.

### Count V
### Unfair Practices Relating to Add-On Charges
### (By Plaintiff FTC against all Defendants)

70.    Smyth denies the allegations in Paragraph 70.

71.    Smyth denies the allegations in Paragraph 71.

72.    Smyth denies the allegations in Paragraph 72.

### VIOLATIONS OF THE MARYLAND CONSUMER PROTECTION ACT

73.    Except as expressly admitted herein, Smyth denies the allegations in Paragraphs 1 through 72.

74.    Paragraph 74 states legal conclusions to which no response is required. To the extent that a response is required, Smyth respectfully refers the Court to the referenced statute,

CPA § 13-101(g). Smyth further states that the CPA governs conduct occurring only within the state of Maryland. *See Outdoor World Corp.*, 603 A.2d at 1383 (Consumer Protection Division of the Maryland Office of the Attorney General "has no authority, directly, to preclude sales practices that occur entirely within other States"); *Elyazidi*, 2014 WL 824129, at *8 (dismissing CPA claim since "conduct about which Plaintiff complains occurred entirely in the Commonwealth of Virginia"). Thus, the allegations in Paragraph 74 are irrelevant to the majority of the events at issue in this case, which occurred in Virginia.

75. Paragraph 75 states legal conclusions to which no response is required. To the extent that a response is required, Smyth respectfully refers the Court to the referenced statute, CPA § 13-101(d). Smyth further states that the CPA governs conduct occurring only within the state of Maryland. *See Outdoor World Corp.*, 603 A.2d at 1383 (Consumer Protection Division of the Maryland Office of the Attorney General "has no authority, directly, to preclude sales practices that occur entirely within other States"); *Elyazidi*, 2014 WL 824129, at *8 (dismissing CPA claim since "conduct about which Plaintiff complains occurred entirely in the Commonwealth of Virginia"). Thus, the allegations in Paragraph 75 are irrelevant to the majority of the events at issue in this case, which occurred in Virginia.

76. Paragraph 76 states legal conclusions to which no response is required. To the extent that a response is required, Smyth respectfully refers the Court to the referenced statute, CPA § 13-302, and denies any allegations inconsistent therewith. Smyth further states that the CPA governs conduct occurring only within the state of Maryland. *See Outdoor World Corp.*, 603 A.2d at 1383 (Consumer Protection Division of the Maryland Office of the Attorney General "has no authority, directly, to preclude sales practices that occur entirely within other States"); *Elyazidi*, 2014 WL 824129, at *8 (dismissing CPA claim since "conduct about which Plaintiff complains occurred entirely in the Commonwealth of Virginia"). Thus, the allegations in

Paragraph 76 are irrelevant to the majority of the events at issue in this case, which occurred in Virginia.

77.    Paragraph 77 states legal conclusions to which no response is required. To the extent that a response is required, Smyth denies that he has violated the referenced statutes and respectfully refers the Court to those statutes, CPA §§ 13-406, 13-409, and 13-410. Smyth further states that the CPA governs conduct occurring only within the state of Maryland. *See Outdoor World Corp.*, 603 A.2d at 1383 (Consumer Protection Division of the Maryland Office of the Attorney General "has no authority, directly, to preclude sales practices that occur entirely within other States"); *Elyazidi*, 2014 WL 824129, at *8 (dismissing CPA claim since "conduct about which Plaintiff complains occurred entirely in the Commonwealth of Virginia"). Thus, the allegations in Paragraph 77 are irrelevant to the majority of the events at issue in this case, which occurred in Virginia.

78.    Paragraph 78 states legal conclusions to which no response is required. To the extent that a response is required, Smyth denies that he has violated the referenced statutes and respectfully refers the Court to those statutes, CPA §§ 13-301(1), (3). Smyth further states that the CPA governs conduct occurring only within the state of Maryland. *See Outdoor World Corp.*, 603 A.2d at 1383 (Consumer Protection Division of the Maryland Office of the Attorney General "has no authority, directly, to preclude sales practices that occur entirely within other States"); *Elyazidi*, 2014 WL 824129, at *8 (dismissing CPA claim since "conduct about which Plaintiff complains occurred entirely in the Commonwealth of Virginia"). Thus, the allegations in Paragraph 78 are irrelevant to the majority of the events at issue in this case, which occurred in Virginia.

## Count VI
### Deceptive Practices
### (By Plaintiff Division against all of the Defendants)

79.    Except as expressly admitted herein, Smyth denies the allegations in Paragraphs 1 through 78.

80.    Smyth denies the allegations in Paragraph 80.

## Count VII
### Deceptive Practices
### (By Plaintiff Division against all of the Defendants)

81.    Except as expressly admitted herein, Smyth denies the allegations in Paragraphs 1 through 81.

82.    Smyth denies the allegations in Paragraph 82.

## Count VIII
### Unfair Trade Practices
### (By Plaintiff Division against all of the Defendants)

83.    Except as expressly admitted herein, Smyth denies the allegations in Paragraphs 1 through 83.

84.    Smyth denies the allegations in Paragraph 84.

85.    Smyth denies the allegations in Paragraph 85.

86.    Smyth denies the allegations in Paragraph 86.

87.    Smyth denies the allegations in Paragraph 87.

## CONSUMER INJURY

88.    Smyth denies the allegations in Paragraph 88.

89.    Smyth denies all allegations not expressly admitted herein.

## ANSWERING THE PRAYER FOR RELIEF

Smyth denies that Plaintiffs are entitled to any relief from Smyth and denies all allegations contained in the Prayer for Relief.  Smyth further states that the FTC is not authorized to seek

17

monetary relief in this matter.  The FTC is empowered under Section 13(b) of the FTC Act to file suit for injunctive relief to halt ongoing violations of law. To the extent that the prayer for relief could be construed to include claims by the FTC for monetary relief, they are barred by *AMG Capital Management, LLC v. FTC*, 141 S. Ct. 1341 (2021).  Smyth further states that to the extent the Division seeks monetary relief for out-of-state conduct, those claims are barred.  The MCPA applies to conduct that "occur[s] in Maryland."  *Goshen Run Homeowners Ass'n, Inc. v. Cisneros*, 467 Md. 74, 93–94, 223 A.3d 917, 928 (2020) (quoting CPA § 13-102(b)(3)).

WHEREFORE, Smyth respectfully requests that the Court enter an Order dismissing the entirety of Plaintiffs' Complaint with prejudice.

## AFFIRMATIVE DEFENSES

Smyth asserts the following affirmative defenses.  In addition to those asserted below, Smyth expressly incorporates all affirmative defenses asserted by all other Defendants.  Smyth reserves the right to rely upon any other defense that may become apparent as discovery progresses in this matter, and reserves his right to amend this Answer and to assert any such defense.  Smyth also reserves the right to assert additional affirmative defenses to any legal claims, theories, or doctrines upon which Plaintiffs later seek to rely, to the extent that those claims, theories, or doctrines are not identified in this Complaint.  Smyth is entitled to, and claims the benefit of, all defenses and presumptions set forth in or arising from any applicable rule of law or statute.

1.    The Maryland Attorney General's claims are barred, in whole or in part, because the CPA only applies to conduct that occurs in Maryland.  *See Outdoor World Corp*., 603 A.2d at 1383 (Consumer Protection Division of the Maryland Office of the Attorney General "has no authority, directly, to preclude sales practices that occur entirely within other States"); *Elyazidi*,

2014 WL 824129, at *8 (dismissing CPA claim since "conduct about which Plaintiff complains occurred entirely in the Commonwealth of Virginia").

2.      The Maryland Attorney General's claims are barred, in whole or in part, because Smyth is not a "merchant" as that term is defined under the CPA.  *See* Md. Code Ann, § 13-101(g)(1).

3.      The Maryland Attorney General's claims are barred, in whole or in part, because this Court lacks jurisdiction over the state law claims independent of the federal claims set forth in the Complaint.

4.      Plaintiffs' claims are barred, in whole or in part, to the extent they seek to impose sanctions on Smyth for engaging in protected activity under the First Amendment to the United States Constitution.

5.      Plaintiffs' claims are barred, in whole or in part, by the applicable statute of limitations of three years from the date of filing.  *See, e.g.*, Md. Code Ann. § 5-101.  Smyth has not signed a tolling agreement.

6.      Plaintiffs' claims are barred, in whole or in part, because Smyth's allegedly offending conduct or practice has ceased and Smyth has cured or taken sufficient corrective action in regard to the alleged defects of which Plaintiffs complain.

7.      Smyth no longer is employed by any of the Defendants.  Plaintiffs fail to meet one or more of prerequisites to obtain injunctive relief.

8.      Plaintiffs' claims are barred, in whole or in part, because no statement or conduct of Smyth was misleading, unfair, unconscionable, or deceptive.

9.      Plaintiffs' claims are barred, in whole or in part, because any alleged misstatements by Smyth are not misleading in a material respect, and no customers relied to their detriment on any statement by Smyth.

10.    To the extent that Plaintiffs seek relief for Smyth's conduct before the enactment of applicable statutes or regulations, the claims fail because the statutes and regulations do not apply retroactively.

11.    The Complaint fails to state a claim for which relief may be granted.    The Complaint makes no specific, identifiable allegations attributable to Smyth.

12.    The Complaint fails to state a claim against Smyth, Michael Lindsay, and John Smallwood because it does not identify actions taken by any of them that could give rise to liability. The Complaint contains no specific allegations attributable to these individuals related to their purported participation in unlawful acts or their enactment or enforcement of any policies or procedures that promote unlawful acts.

13.    To the extent Plaintiffs' claims rely on the so-called CARS Rule (Combating Auto Retail Scams Trade Regulation Rule, 89 Fed. Reg. 590, 16 C.F.R. 463), their claims are barred under the decision of the U.S. Court of Appeals for the Fifth Circuit in *National Automobile Dealers Association, et al. v. Federal Trade Commission*, Case. No. 24-60013 (5th Cir. Jan. 27, 2025) (vacating the CARS Rule).

14.    Plaintiffs' claims are barred, in whole or in part, to the extent the conduct alleged in the Complaint was engaged in by third-parties who are not affiliated with Defendants (*e.g.*, websites that advertise cars for sale).

15.    Plaintiffs' claims are barred, in whole or in part, by the voluntary payment doctrine.

16.    Plaintiffs' claims are barred, in whole or in part, because at all times, Smyth acted in good faith and in accordance with all applicable statutory and common law obligations.

20

Dated: August 14, 2025                    Respectfully submitted,

                                          PAUL SMYTH


                                          By:  *Franklin R. Cragle, III*
                                                    Counsel

                                          Thomas J. Dillon, III (VSB No. 31875)
                                          Franklin R. Cragle, III (VSB No. 78398)
                                          Mihir V. Elchuri (VSB No. 86582)
                                          Kimberly D. Castleman (VSB No. 98131)
                                          HIRSCHLER FLEISCHER, P.C.
                                          1676 International Drive, Suite 1350
                                          Tysons, Virginia 22102
                                          Tel. 703-584-8900
                                          Fax 703-584-8901
                                          tdillon@hirschlerlaw.com
                                          fcragle@hirschlerlaw.com
                                          melchuri@hirschlerlaw.com
                                          kcastleman@hirschlerlaw.com

                                          *Counsel for Defendant Paul Smyth*


## CERTIFICATE OF SERVICE

I certify that on August 14, 2025, I filed the foregoing document with the Court's electronic filing system, which served a copy of this document on all counsel of record.


                                          By:  *Franklin R. Cragle, III*
                                                    Counsel


21