**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**

| | |
|---|---|
| FEDERAL TRADE COMMISSION, and<br><br>OFFICE OF THE MARYLAND ATTORNEY GENERAL, CONSUMER PROTECTION DIVISION,<br><br>    Plaintiffs,<br><br>        v.<br><br>LINDSAY CHEVROLET, L.L.C., a limited liability company, also d/b/a Lindsay Chevrolet of Woodbridge;<br><br>LINDSAY FORD, LLC, a limited liability company, also d/b/a Lindsay Ford of Wheaton;<br><br>LINDSAY MOTORS, LLC, a limited liability company, also d/b/a Lindsay Chrysler-Dodge-Jeep-Ram; and<br><br>LINDSAY MANAGEMENT COMPANY, LLC, a limited liability company;<br><br>MICHAEL LINDSAY;<br><br>JOHN SMALLWOOD; and<br><br>PAUL SMYTH,<br><br><u>Defendants.</u> | Case No. 1:24-cv-02362<br><br>**STIPULATED ORDER FOR PERMANENT INJUNCTION, MONETARY JUDGMENT, AND OTHER RELIEF** |

Plaintiffs, the Federal Trade Commission ("Commission") and the Office of the

Maryland Attorney General ("Maryland Attorney General"), filed their Complaint for Permanent

Injunction, Monetary Judgment, Civil Penalty Judgment, and Other Relief ("Complaint"),

pursuant to Section 13(b) of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. § 53(b),

and Maryland's Consumer Protection Act, ("CPA"), Md. Code Ann., Com. Law §§ 13-101

1

through 13-501 (LexisNexis Supp. 2023). Plaintiffs and Defendants stipulate to the entry of this Stipulated Order for Permanent Injunction, Monetary Judgment, and Other Relief ("Order") to resolve all matters in dispute in this action between them.

THEREFORE, IT IS ORDERED as follows:

## FINDINGS

1.    This Court has jurisdiction over this matter.

2.    The Complaint charges that Defendants participated in deceptive and unfair acts or practices in violation of Section 5 of the FTC Act, 15 U.S.C. § 45, and Md. Code Ann., Com. Law § 13-303, as defined by §§ 13-301(1) and (3) of the CPA in the advertising, marketing, promotion, offering for sale, lease or financing, and sale, lease, or financing of motor vehicles.

3.    Defendants neither admit nor deny any of the allegations in the Complaint, except as specifically stated in this Order.  Only for purposes of this action, Defendants admit the facts necessary to establish jurisdiction.

4.    Defendants waive any claim that they may have under the Equal Access to Justice Act, 28 U.S.C. § 2412, concerning the prosecution of this action through the date of this Order, and agree to bear their own costs and attorney fees.

5.    Defendants and the Plaintiffs waive all rights to appeal or otherwise challenge or contest the validity of this Order.

## DEFINITIONS

For the purpose of this Order, the following definitions apply:

A.    **"Add-on Product or Service"** means any product or service not provided to the consumer or installed on the vehicle by the motor vehicle manufacturer and for which the motor vehicle dealer, directly or indirectly, charges a consumer in connection with a vehicle sale, lease, or financing transaction.

2

B.      **"Clear(ly) and Conspicuous(ly)"** means that a required disclosure is difficult to miss (i.e., easily noticeable) and easily understandable by ordinary consumers, including in all of the following ways:

1.  In any communication that is solely visual or solely audible, the disclosure must be made through the same means through which the communication is presented. In any communication made through both visual and audible means, such as a television advertisement, the disclosure must be presented simultaneously in both the visual and audible portions of the communication even if the representation requiring the disclosure is made in only one means.

2.  A visual disclosure, by its size, contrast, location, the length of time it appears, and other characteristics, must stand out from any accompanying text or other visual elements so that it is easily noticed, read, and understood.

3.  An audible disclosure, including by telephone or streaming video, must be delivered in a volume, speed, and cadence sufficient for ordinary consumers to easily hear and understand it.

4.  In any communication using an interactive electronic medium, such as the Internet or software, the disclosure must be unavoidable.

5.  The disclosure must use diction and syntax understandable to ordinary consumers and must appear in each language in which the representation that requires the disclosure appears.

6.  The disclosure must comply with these requirements in each medium through which it is received, including all electronic devices and face-to-face communications.

7.  The disclosure must not be contradicted or mitigated by, or inconsistent with,

3

anything else in the communication.

8. When the representation or sales practice targets a specific audience, such as children, the elderly, or the terminally ill, "ordinary consumers" includes reasonable members of that group.

C. **"Defendants"** means all of the Individual Defendants and the Corporate Defendants, individually, collectively, or in any combination.

1. **"Corporate Defendants"** means Lindsay Management Company, LLC; Lindsay Chevrolet, L.L.C., d/b/a Lindsay Chevrolet of Woodbridge ("Lindsay Chevrolet"); Lindsay Ford, LLC, d/b/a Lindsay Ford of Wheaton ("Lindsay Ford"); and Lindsay Motors, LLC, d/b/a Lindsay Chrysler-Dodge-Jeep-Ram ("Lindsay CDJR"); and their successors and assigns.

2. **"Individual Defendants"** means Michael Lindsay; John Smallwood; and Paul Smyth.

D. **"Express, Informed Consent"** means an affirmative act communicating unambiguous assent to be charged, made after receiving and in close proximity to a Clear and Conspicuous disclosure, in writing, and also orally for in-person transactions, of the following:

1. What the charge is for;

2. The amount of the charge, including, if the charge is for a product or service, all fees and costs to be charged to the consumer over the period of repayment with and without the product or service; and

3. If the charge is for something optional, that fact.

E. **"Total Price"** means the maximum total price, including all mandatory fees or charges a consumer must pay for a motor vehicle, except that charges a Federal, State, or local government agency, unit, or department requires the consumer to pay may be

excluded.

## ORDER

### I.    PROHIBITION AGAINST MISREPRESENTATIONS

IT IS FURTHER ORDERED that Defendants, Defendants' officers, agents, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, in connection with advertising, marketing, promoting, offering for sale, lease, or financing, or selling, leasing, or financing motor vehicles are permanently restrained and enjoined from misrepresenting, expressly or by implication:

A.    the costs or terms of purchasing, financing, or leasing a vehicle;

B.    the availability of vehicles at an advertised price;

C.    whether charges, fees, taxes, products, or services are optional or required;

D.    whether any type of or source for financing is required, including to purchase a vehicle or to obtain the vehicle at a particular price or other terms;

E.    whether charges, products, or services are authorized by consumers;

F.    the amount of any charge, fee, or tax; or

G.    any other material fact, such as: any restrictions, limitations, or conditions; or any aspect of the benefits, performance, efficacy, nature, or central characteristics of any product or service.

### II.    REQUIRED DISCLOSURES

IT IS FURTHER ORDERED that Defendants, Defendants' officers, agents, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, in connection with advertising, marketing, promoting, offering for sale, lease, or financing, or selling, leasing, or financing motor

5

vehicles, are permanently restrained and enjoined from representing, expressly or by implication, any information relating to any amount a consumer may pay to purchase, finance, or lease a motor vehicle without disclosing the Total Price, Clearly and Conspicuously, as the most prominently displayed item in any visual disclosure. Provided, further, for any motor vehicle for which Defendants disclose the Total Price, Clearly and Conspicuously, as the most prominent item in their advertising, Defendants will not be in violation of this provision if a third party also advertises that motor vehicle, as long as: (i) Defendants have provided the third party the Total Price and requested that the third party disclose the Total Price, Clearly and Conspicuously, as the most prominently displayed item; and (ii) Defendants do nothing to contradict, mitigate, or act inconsistent with the request or other provisions of this Order; and (iii) Defendants have taken all steps within their control to ensure the third party discloses the Total Price, Clearly and Conspicuously, as the most prominently displayed item.

### III.    OBTAINING EXPRESS, INFORMED CONSENT FOR CHARGES

IT IS FURTHER ORDERED that Defendants, Defendants' officers, agents, employees, attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, in connection with advertising, marketing, promoting, offering for sale, lease, or financing, or selling, leasing, or financing motor vehicles, are permanently restrained and enjoined from charging a consumer without having obtained the consumer's Express, Informed Consent.

### IV.    CONSUMER REDRESS

IT IS FURTHER ORDERED that Defendants shall pay a restitution amount that is equal to: (1) the amounts consumers paid for the purchase or lease price of their vehicles that was higher than a price advertised by Defendants; and (2) the amounts consumers paid for Add-On Products or

Services that consumers did not agree to purchase or thought were required. This restitution amount shall be determined through the claims process outlined below. Defendants shall also pay the costs associated with the claims process.

IT IS FURTHER ORDERED that consumers shall be entitled to refunds as follows:

A. Within 90 days of entry of this Order, Defendants shall hire a company that shall administer the Consumer Fund Distribution Process set forth herein ("Claims Administrator"). The Claims Administrator shall have experience processing consumer claims arising from large consumer settlements or resolutions. The Claims Administrator must be approved by a representative of the Maryland Attorney General. The Claims Administrator must have the capability of administering a large claims procedure, including mailing claims notices to consumers; processing, accounting for and delivering payments to consumers; maintaining a dedicated phone line that may be used to respond to consumer inquiries; taking the steps outlined herein to locate consumers whose claims notices or claims payments are returned as undeliverable; and providing a final accounting to the Parties at the conclusion of the claims procedure.

B. Defendants shall cooperate with the Maryland Attorney General and the Claims Administrator throughout the claims procedure, including providing the Claims Administrator access to all data and information that the Claims Administrator reasonably requests in order to conduct the claims process.

C. The Maryland Attorney General shall have access to the Claims Administrator for the purpose of requesting information regarding the conduct of the claims procedure, to provide the Claims Administrator with any information and data it possesses that may assist the Claims Administrator, and to provide direction to the Claims Administrator

7

to ensure restitution is paid to consumers consistent with this Consent Order.

D.  For consumers who purchased or leased vehicles at Defendants' Lindsay Ford dealership to be eligible for the claims process, the consumer must: (a) have purchased or leased a vehicle between April 1, 2020 and December 31, 2025; (b) have viewed one of the Defendants' advertisements listing the price of the vehicle prior to their purchase or entering their lease; and (c) not be identified as an auction, business, dealer, or fleet purchaser; and (d) either of the following must be true:

(i)     The purchase or lease price was higher than a price advertised by the Defendants that was viewed by the consumer prior to their purchase, or

(ii)    The consumer paid for an Add-on Product or Service.

Within one hundred and twenty days (120) of the effective date, the Claims Administrator shall mail the Claim Notice and Claim Form attached hereto as Attachment A to all Lindsay Ford consumers who may be eligible to receive restitution under this Order.  This Claim Form shall specify (1) the date of the transaction; (2) the make, model, and year of the purchased vehicle; (3) the amount the consumer paid in excess of the advertised price (i.e. the base price less the advertised price) and (4) each Add-on Product or Service that was part of the transaction and the amount the consumer paid for such Add-on Product or Service.

E.  For consumers who are Maryland residents and who purchased or leased vehicles at Defendants' Lindsay Chevrolet or Lindsay CDJR dealerships to be eligible for the claims process, the consumer must: (a) have purchased or leased a vehicle between April 1, 2020 and December 31, 2025; (b) have viewed one of the Defendants' advertisements listing the price of the vehicle prior to their purchase or entering their lease; and (c) not be identified as an auction, business, dealer, or fleet purchaser; and

8

(d) the following must be true: the purchase or lease price was higher than a price advertised by the Defendants that was viewed by the consumer prior to their purchase. Within one hundred and twenty days (120) of the effective date, the Claims Administrator shall mail the Claim Notice and Claim Form attached hereto as Attachment B to all Lindsay Chevrolet and Lindsay CDJR consumers who may be eligible to receive restitution under this Order. This Claim Form shall specify (1) the date of the transaction; (2) the make, model, and year of the purchased vehicle; and (3) the amount the consumer paid in excess of the advertised price (i.e. the base price less the advertised price).

F. For purposes of this Order, when considering the difference between the price advertised and paid, the advertised price shall be the most recent price that was advertised prior to the sale.

G. Consumers shall have 180 days from the date of mailing to return a claim form to the Claims Administrator.

H. Consumers who return a completed claim form attesting that they reviewed Defendants' advertised price for the vehicle they purchased prior to purchasing their vehicle shall be entitled to a restitution payment equal to the markup they paid (*i.e.*, the base price less the advertised price) less any refund of the markup already received by the consumer.

I. Consumers who return a completed claim form attesting that they paid for an Add-on Product or Service that they did not agree to purchase or were told was required shall be entitled to a restitution payment in the amount of that Add-on Product or Service, less any refund of the amount paid for such Add-on Product or Service already received by the consumer.

J.  No consumer who has already received a full refund for a markup or an Add-On Product or Service shall be entitled to receive an additional refund of that same markup or Add-On Product or Service.

K.  If any of the Add-on Products or Services purchased by consumers, upon cancellation, require that refunded amounts be returned to the lienholder, then Defendants may pay all or a portion of the restitution payment required by reducing the amount the consumer owes to the lienholder by the amount of the restitution payment and inform the consumer of the reduction in writing within thirty (30) days of the return of their claim form.

L.  Within 30 days of receiving a timely returned claim form, the Claims Administrator shall mail the restitution payment to the consumer in the amount the consumer has established they are entitled to receive.

M.  If any Claim Notice and Claim Form mailed to a consumer is returned as undeliverable, the Claims Administrator shall use a Global Address Verification Service (such as the United States Postal Service's National Change of Address Database or Melissa, Inc.) that is agreed to by the Parties, or any address that is provided to the Claims Administrator by Plaintiffs, to resend the Claim Notice and Claim Form to the consumer.

N.  If any restitution check that is mailed to a consumer is returned as undeliverable or the consumer does not cash the restitution check, then the total amount of all such unpaid restitution checks shall be paid to the Maryland Attorney General, which amounts the Attorney General may utilize to pay restitution to consumers, turn over as unclaimed funds to the Maryland Comptroller, or may use for future consumer protection enforcement or consumer education, or any other lawful purpose

10

designated by the Attorney General.

O. At the conclusion of the claims procedure, after all mailed restitution checks have been either cashed, expired or returned as undeliverable without any ability to forward the payment to consumers, the Claims Administrator shall provide the Parties with a report identifying each consumer who was mailed a restitution payment pursuant to this Consent Order, in the form of a spreadsheet, with each item in a separate field, listing each consumer's name, address, telephone number, and email address; the dealership where the purchase or lease was made; the date of purchase or lease; the purchase or lease price the consumer paid, the price that was advertised, and the difference between the price paid and advertised price; a description of each Add-on Product or Service included in the transaction and the amount paid for each Add-on Product or Service; the amount of the restitution payment and the date the payment was sent to the consumer; and an indication whether the restitution amounts were paid or remain unpaid.

P. Defendants shall preserve all data concerning their offer and sale or lease of vehicles and Add-on Products or Services to consumers after April 1, 2020 and up to the effective date of this Final Order.

### V. PENALTIES

IT IS FURTHER ORDERED that Judgment in the amount of Three Million One Hundred Thousand Dollars ($3,100,000), is entered against Defendants, jointly and severally, to be utilized by the Maryland Attorney General for future consumer protection enforcement or consumer education, or any other lawful public purpose designated by the Maryland Attorney General. Defendants are ordered to make this payment within 60 days of entry of this Order by electronic fund transfer in accordance with instructions previously provided by a representative of the

Maryland Attorney General.

## VI.    ADDITIONAL MONETARY PROVISIONS

IT IS FURTHER ORDERED that:

A.     Defendants relinquish dominion and all legal and equitable right, title, and interest in all assets transferred pursuant to this Order and may not seek the return of any assets.

B.     The facts alleged in the Complaint will be taken as true, without further proof, in any subsequent civil litigation by or on behalf of the Plaintiff(s), including in a proceeding to enforce their rights to any payment or monetary judgment pursuant to this Order, such as a nondischargeability complaint in any bankruptcy case.

C.     The facts alleged in the Complaint establish all elements necessary to sustain an action by the Plaintiff(s) pursuant to Section 523(a)(2)(A) of the Bankruptcy Code, 11 U.S.C. § 523(a)(2)(A), and this Order will have collateral estoppel effect for such purposes.

D.     Defendants acknowledge that their Taxpayer Identification Numbers (Social Security Numbers or Employer Identification Numbers), which Defendants must submit to the Plaintiffs, may be used for collecting and reporting on any delinquent amount arising out of this Order, in accordance with 31 U.S.C. §7701.

## VII.  CUSTOMER INFORMATION

IT IS FURTHER ORDERED that Defendants, Defendants' officers, agents, employees, attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, are permanently restrained and enjoined from directly or indirectly failing to provide sufficient customer information to enable the Plaintiffs to efficiently administer consumer redress. Defendants represent that they have provided this redress information to the Plaintiffs.  If a representative of the Commission or Maryland Attorney General requests in writing any information related to redress, Defendants must provide it, in

12

the form prescribed by the Plaintiffs, within 21 days.

## VIII. ORDER ACKNOWLEDGMENTS

IT IS FURTHER ORDERED that Defendants obtain acknowledgments of receipt of this Order:

A.      Each Defendant, within 7 days of entry of this Order, must submit to the Plaintiffs an acknowledgment of receipt of this Order sworn under penalty of perjury.

B.      For 5 years after entry of this Order, each Individual Defendant for any business that such Defendant, individually or collectively with any other Defendants, is the majority owner or controls directly or indirectly, and each Corporate Defendant, must deliver a copy of this Order to: (1) all principals, officers, directors, and LLC managers and members; (2) all employees having managerial responsibilities for conduct related to the subject matter of the Order and all agents and representatives who participate in conduct related to the subject matter of the Order; (3) any business entity resulting from any change in structure as set forth in the Section titled Compliance Reporting; and (4) all third parties referenced in Part II of this Order. Delivery must occur within 7 days of entry of this Order for current personnel. For all others, delivery must occur before they assume their responsibilities.

C.      From each individual or entity to which a Defendant delivered a copy of this Order, that Defendant must obtain, within 30 days, a signed and dated acknowledgment of receipt of this Order.

## IX.   COMPLIANCE REPORTING

IT IS FURTHER ORDERED that Defendants make timely submissions to the Plaintiffs:

A.      One year after entry of this Order, each Defendant must submit a compliance report, sworn under penalty of perjury:

    1.      Each Defendant must: (a) identify the primary physical, postal, and email

13

address and telephone number, as designated points of contact, which representatives of any Plaintiff may use to communicate with Defendant; (b) identify all of that Defendant's businesses by all of their names, telephone numbers, and physical, postal, email, and Internet addresses; (c) describe the activities of each business, including the goods and services offered, the means of advertising, marketing, and sales, and the involvement of any other Defendant (which Individual Defendants must describe if they know or should know due to their own involvement); (d) describe in detail whether and how that Defendant is in compliance with each Section of this Order; and (e) provide a copy of each Order Acknowledgment obtained pursuant to this Order, unless previously submitted to the Commission and Maryland Attorney General.

2.    Additionally, each Individual Defendant must: (a) identify all telephone numbers and all physical, postal, email and Internet addresses, including all residences; (b) identify all business activities, including any business for which such Defendant performs services whether as an employee or otherwise and any entity in which such Defendant has any ownership interest; and (c) describe in detail such Defendant's involvement in each such business, including title, role, responsibilities, participation, authority, control, and any ownership.

B.    For 5 years after entry of this Order, each Defendant must submit a compliance notice to the Plaintiffs, sworn under penalty of perjury, within 14 days of any change in the following:

1.    Each Defendant must report any change in: (a) any designated point of contact; or (b) the structure of any Corporate Defendant or any entity that Defendant has any ownership interest in or controls directly or indirectly that may affect compliance obligations arising under this Order, including: creation, merger, sale, or dissolution of

14

the entity or any subsidiary, parent, or affiliate that engages in any acts or practices subject to this Order.

2.    Additionally, each Individual Defendant must report any change in: (a) name, including aliases or fictitious name, or residence address; or (b) title or role in any business activity, including any business for which such Defendant performs services whether as an employee or otherwise and any entity in which such Defendant has any ownership interest, and identify the name, physical address, and any Internet address of the business or entity.

C.    Each Defendant must submit to the Plaintiffs notice of the filing of any bankruptcy petition, insolvency proceeding, or similar proceeding by or against such Defendant within 14 days of its filing.

D.    Any submission to the Plaintiffs required by this Order to be sworn under penalty of perjury must be true and accurate and comply with 28 U.S.C. § 1746, such as by concluding: "I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on: _____" and supplying the date, signatory's full name, title (if applicable), and signature.

E.    Unless otherwise directed by any Plaintiff representative in writing, all submissions to the Plaintiffs pursuant to this Order must be emailed to:

(1) FTC: DEbrief@ftc.gov or sent by overnight courier (not the U.S. Postal Service) to: Associate Director for Enforcement, Bureau of Consumer Protection, Federal Trade Commission, 600 Pennsylvania Avenue NW, Washington, DC 20580. The subject line must begin: FTC v. Lindsay Management Company, FTC Matter No. 2323032.

(2) Maryland Attorney General: Consumer@oag.state.md.us or by overnight courier

15

(not the U.S. Postal Service) to: Philip Ziperman or Chief of the Consumer Protection Division, 200 St. Paul Place, 16th Floor, Baltimore, MD 21202. The subject line must begin: FTC et al. v. Lindsay Management Company.

## X.  RECORDKEEPING

IT IS FURTHER ORDERED that Defendants must create certain records for 5 years after entry of the Order, and retain each such record for 5 years.  Specifically, Corporate Defendants in connection with advertising, marketing, promoting, offering for sale, lease, or financing, or selling, leasing, or financing of any motor vehicles and each Individual Defendant for any business that such Defendant, individually or collectively with any other Defendants, is a majority owner or controls directly or indirectly, must create and retain the following records:

A.  accounting records showing the revenues from all goods or services sold;

B.  personnel records showing, for each person providing services, whether as an employee or otherwise, that person's:  name; addresses; telephone numbers; job title or position; dates of service; and (if applicable) the reason for termination;

C.  a copy of any pencil, four square, or worksheet used to negotiate, desk, or pencil any deal;

D.  a copy of all purchase or buyer's orders and all financing or lease documents signed by consumers, whether or not final approval is received for financing or lease transactions;

E.  all written communications relating to selling, financing, or leasing motor vehicles with any consumer who signs a purchase order or financing or lease contract;

F.  records of all consumer complaints and refund requests, whether received directly or indirectly, such as through a third party, and any response;

16

G.    all records necessary to demonstrate full compliance with each provision of this Order, including all submissions to the Commission and Maryland Attorney General; and

H.    a copy of each unique advertisement and other marketing material, sales script, and training material, except that for vehicle advertisements, Defendants may instead retain (a) the vehicle identifying information (*i.e.*, vehicle identification number or vehicle stock number), vehicle description, the advertised prices and the dates on which those prices were advertised, and the text of disclosure or disclaimer language supplied by or on behalf of Defendants for generating such advertisements; (b) any dissemination data, ad performance reporting, and ad monitoring reports related to such advertisements or other materials that Defendants can access and use; and (c) a monthly representative example of an advertisement on each marketing channel.

## XI.  COMPLIANCE MONITORING

IT IS FURTHER ORDERED that, for the purpose of monitoring Defendants' compliance with this Order and any failure to transfer any assets as required by this Order:

A.    Within 21 days of receipt of a written request from a representative of the Commission or Maryland Attorney General, each Defendant must:  submit additional compliance reports or other requested information, which must be sworn under penalty of perjury; appear for depositions; and produce documents for inspection and copying.  The Plaintiffs are also authorized to obtain discovery, without further leave of court, using any of the procedures prescribed by Federal Rules of Civil Procedure 29, 30 (including telephonic depositions), 31, 33, 34, 36, 45, and 69.

B.    For matters concerning this Order, the Plaintiffs are authorized to communicate directly with each Defendant.  Defendant must permit representatives of the Plaintiffs to interview any employee or other person affiliated with any Defendant who has agreed to such an

17

interview. The person interviewed may have counsel present.

C.    The Plaintiffs may use all other lawful means, including posing, through their representatives, as consumers, suppliers, or other individuals or entities, to Defendants or any individual or entity affiliated with Defendants, without the necessity of identification or prior notice. Nothing in this Order limits the Commission's lawful use of compulsory process, pursuant to Sections 9 and 20 of the FTC Act, 15 U.S.C. §§ 49, 57b-1 or the Maryland Attorney General's authority to subpoena documents and testimony pursuant to Md. Code Ann., Com. Law § 13-405.

D.    Upon written request from a representative of the Commission or Maryland Attorney General, any consumer reporting agency must furnish consumer reports concerning Individual Defendants, pursuant to Section 604(1) of the Fair Credit Reporting Act, 15 U.S.C. §1681b(a)(1).

## XII.  RETENTION OF JURISDICTION

IT IS FURTHER ORDERED that this Court retains jurisdiction of this matter for purposes of construction, modification, and enforcement of this Order.

SO ORDERED this 2nd day of ___April___, 202 2.

/s/
Michael S. Nachmanoff
United States District Judge

UNITED STATES DISTRICT JUDGE

**SO STIPULATED AND AGREED:**

**FOR PLAINTIFFS:**

**FEDERAL TRADE COMMISSION**

/s/ Evan Zullow

/s/ Gregory A. Ashe (with permission)          Date: ___4/2/26_____
Evan Zullow
Sarah T. Abutaleb
Jamie D. Brooks
Adam Saltzman
Jason Sanders
Gregory A. Ashe (VA Bar No. 39131)
Attorneys
FEDERAL TRADE COMMISSION
600 Pennsylvania Avenue NW
Washington, D.C. 20580
Email: ezullow@ftc.gov, sabutaleb@ftc.gov,
jbrooks4@ftc.gov, asaltzman1@ftc.gov,
jsanders1@ftc.gov
Phone: 202- 326-2914 (Zullow);
202-326-2583 (Abutaleb); 202-326-3764
(Brooks); 202-326-2610 (Saltzman);
202-326-2357 (Sanders);
202-326-3719 (Ashe)


**OFFICE OF THE MARYLAND ATTORNEY GENERAL**

/s/ Philip Ziperman

/s/ Elise Balkin Ice (with permission)          Date: ___4/2/26_____
Philip Ziperman
Dan Kang Baker
Elise Balkin Ice (VA Bar No. 66518)
Attorneys
OFFICE OF THE MARYLAND ATTORNEY
GENERAL 200 Saint Paul Place
Baltimore, MD 21202
pziperman@oag.state.md.us
dkbaker@oag.state.md.us
elise.ice1@maryland.gov
(410) 576-6576 (Baker)
(410) 576-6417 (Ziperman)

(443) 531-3859 (Balkin Ice)

**FOR DEFENDANTS:**

*/s/ Connor Kelley*

Date: 3/9/2026
_____

Connor Kelley (VA Bar No. 93596)
Benjamin J. Razi
Laura Flahive Wu
T. Scott Shelton
William E. Meyer
Rachel Bercovitz
COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street, NW
Washington, DC 20001-4956
Telephone: (202) 662-6000
Facsimile: 202 662 6291
Email: ckelley@cov.com
brazi@cov.com
lflahivewu@cov.com
sshelton@cov.com
wmeyer@cov.com
rbercovitz@cov.com

Charles B. Molster, III Va. (Bar No. 23613)
LAW OFFICES OF CHARLES B. MOLSTER, III
2141 Wisconsin Avenue, N.W., Suite M
Washington, D.C. 20007
Telephone: (703) 346-1505
Email: cmolster@molsterlaw.com

*Counsel for the Lindsay Defendants*

*/s/ Franklin R. Cragle*

Date: 3/10/2026
_____

Thomas J. Dillon, III (VSB No. 31875)
Mihir V. Elchuri (VSB No. 86582)
Franklin R. Cragle, III (VSB No. 78398)
Kimberly D. Castleman (VSB No. 98131)
HIRSCHLER FLEISCHER, P.C.
1676 International Drive, Suite 1350
Tysons, Virginia 22102
Tel. 703-584-8900
Fax 703-584-8901

20

tdillon@hirschlerlaw.com
melchuri@hirschlerlaw.com
fcragle@hirschlerlaw.com
kcastleman@hirschlerlaw.com

*Counsel for Paul Smyth*

**DEFENDANTS:**

_____        Date: 3/9/26
LINDSAY MANAGEMENT COMPANY, LLC

_____        Date: 3/9/26
LINDSAY CHEVROLET, L.L.C.

_____        Date: 3/9/26
LINDSAY FORD, LLC

_____        Date: 3/9/26
LINDSAY MOTORS, LLC

_____        Date: 3/12/26
MICHAEL LINDSAY

_____        Date: 3/9/26
JOHN SMALLWOOD

_____        Date: 3.10.2026
PAUL SMYTH

21

**Attachment A**



CAROLYN A. QUATTROCKI
*Chief Deputy Attorney General*

LEONARD J. HOWIE III
*Deputy Attorney General*

CARRIE J. WILLIAMS
*Deputy Attorney General*

SHARON S. MERRIWEATHER
*Deputy Attorney General*

ZENITA WICKHAM HURLEY
*Deputy Attorney General*

PETER V. BERNS
*General Counsel*

CHRISTIAN E. BARRERA
*Chief of Staff*

**STATE OF MARYLAND**
**OFFICE OF THE ATTORNEY GENERAL**

ANTHONY G. BROWN
*Attorney General*

[Date]

Re:    **Restitution Program**
       **Consumer Protection Division v. Lindsay Chevrolet, LLC,** *et al.*

Dear Consumer,

Because of a settlement between my Consumer Protection Division, the Federal Trade Commission, and Lindsay Ford of Wheaton, you may be due a refund of money you paid when you bought your car from this dealer.

You qualify for a refund if either:

- You purchased a vehicle from between April 1, 2020 and December 31, 2025 and paid more for the price of the vehicle than was shown in an advertisement that you saw before purchasing your car; and/or
- You paid for an additional product, such as a vehicle service plan, service or maintenance plan, paint protection plan, GAP insurance, or similar product, that you did not agree to purchase or that you were told by the dealer you were required to buy.

To make a claim, please fill out and return the enclosed Claim Form to:

**Claims Administrator**

**\*\*Completed Claim Form and supporting documents must be submitted by <date>\*\*\***

After you submit your Claim Form, the Claims Administrator will review your claim and send any refund you are due within 30-60 days. If you have any questions about the Claims Process, please contact Claims Administrator at _____.

Very truly yours,

<?>

200 St. Paul Place, Baltimore, Maryland 21202
(410) 576-6300 ❖ (888) 743-0023
oag.maryland.gov

Attorney General

Enclosure: Claim Form

## Consumer Protection Division v. Lindsay Chevrolet, LLC, *et al.*

## Claim Form

### READ CAREFULLY

**(Please retain Instructions and a copy of this Claim Form for your records)**

You are receiving this Claim Form because you purchased a car from Lindsay Ford of Wheaton and may be entitled to a refund of amounts that you paid. You qualify for a refund if either:

- You purchased a vehicle from April 1, 2020 to December 31, 2025 and paid more for the price of the vehicle than was shown in an advertisement that you saw before purchasing your car; and/or
- You paid for an additional product, such as a vehicle service plan, service or maintenance plan, paint protection plan, GAP insurance, or similar product, that you did not agree to purchase or that you were told you were required to buy.

Listed below is information about your vehicle purchase, including any amount that you paid either in markup or for an additional product. To make a restitution claim, please fill out and return this Claim Form no later than one hundred and eighty (180) days from the date of this Claim Form and return it to:

**Claims Administrator**
**[Address]**
**[Phone Number]**

**Claim Form Date form mailed on <date of mailing>**
**\*\*Deadline to mail this Claim Form is <date of mailing + 180 days>\*\***

**Section A. Personal Information**

First Name: _____ M.I.: _____ Last Name: _____

Current Street Address: _____ City, State, Zip Code:
_____

Email Address: _____ Phone Number(s):
_____

**[If the above information is incorrect, please provide correct information].**

**Section B. Purchase Information**

Make, Model, Year (Purchased Vehicle): _____

Date of Purchase: _____

Amount of Advertised Price Markup:        $_____

Additional Products [List products and how much consumer paid for them]:

**Section C. Qualifying Conditions**

Please answer each of these questions:

1. Before you purchased your (make, model and year of vehicle) on (date of purchase) did you see an advertisement for the vehicle that showed the price?

    □    Yes
    □    No

**If you answered YES to Question 1, answer Question 2. If you answered NO to Question 1, skip Question 2 and answer Question 3.**

2. Did you believe that the price you saw on the advertisement for the vehicle you purchased was the price Lindsay Ford of Wheaton was offering to sell the vehicle?

    □    Yes
    □    No

3. Attached to this form is paperwork for the purchase of your vehicle. When you purchased your (make, model and year of vehicle) on (date of purchase) did you knowingly agree to buy these products reflected in the purchase documentation?

    | | | | | | |
    |---|---|---|---|---|---|
    | Product # 1 | $_____ | □ | Yes | □ | No |
    | Product # 2 | $_____ | □ | Yes | □ | No |
    | Product # 3 | $_____ | □ | Yes | □ | No |

**For any products you answered YES to in Question 3, answer Question 4.**

4. Were you told by Lindsay Ford of Wheaton that you were required to purchase the products?

    | | | | | | |
    |---|---|---|---|---|---|
    | Product # 1 | $_____ | □ | Yes | □ | No |
    | Product # 2 | $_____ | □ | Yes | □ | No |

Product # 3                                  $_____    ☐    Yes    ☐    No

By signing my name below, I affirm and attest that my answers to the Questions in Section C of this claim form are true and accurate.

Signature: _____ Printed Name: _____

Date: _____

**Attachment B**



CAROLYN A. QUATTROCKI
*Chief Deputy Attorney General*

LEONARD J. HOWIE III
*Deputy Attorney General*

CARRIE J. WILLIAMS
*Deputy Attorney General*

SHARON S. MERRIWEATHER
*Deputy Attorney General*

ZENITA WICKHAM HURLEY
*Deputy Attorney General*

PETER V. BERNS
*General Counsel*

CHRISTIAN E. BARRERA
*Chief of Staff*

**STATE OF MARYLAND**
**OFFICE OF THE ATTORNEY GENERAL**

**ANTHONY G. BROWN**
*Attorney General*

[Date]

Re:    **Restitution Program**
       **Consumer Protection Division v. Lindsay Chevrolet, LLC,** *et al.*

Dear Consumer,

Because of a settlement between my Consumer Protection Division, the Federal Trade Commission, and Lindsay Chevrolet of Woodbridge and Lindsay Chrysler-Dodge-Jeep-Ram of Manassas, you may be due a refund of money you paid when you bought your car from this dealer.

You qualify for a refund if:

- You purchased a vehicle from between April 1, 2020 and December 31, 2025 and paid more for the price of the vehicle than was shown in an advertisement for the vehicle that you saw before purchasing your car.

To make a claim, please fill out and return the enclosed Claim Form to:

**Claims Administrator**

**__Completed Claim Form and supporting documents must be submitted by <date>__**___***

After you submit your Claim Form, the Claims Administrator will review your claim and send any refund you are due within 30-60 days. If you have any questions about the Claims Process, please contact Claims Administrator at _____.

Very truly yours,

<?>

200 St. Paul Place, Baltimore, Maryland 21202
(410) 576-6300 ❖ (888) 743-0023
oag.maryland.gov

Attorney General

Enclosure: Claim Form

## Consumer Protection Division v. Lindsay Chevrolet, LLC, *et al.*

## Claim Form

### READ CAREFULLY

**(Please retain Instructions and a copy of this Claim Form for your records)**

You are receiving this Claim Form because you purchased a car from [name of dealer] and may be entitled to a refund of amounts that you paid. You qualify for a refund if:

- You purchased a vehicle from April 1, 2020 to December 31, 2025 and paid more for the price of the vehicle than was shown in an advertisement that you saw before purchasing your car.

Listed below is information about your vehicle purchase, including any amount that you paid in markup. To make a restitution claim, please fill out and return this Claim Form no later than one hundred and eighty (180) days from the date of this Claim Form and return it to:

**Claims Administrator**
**[Address]**
**[Phone Number]**

**Claim Form Date form mailed on <date of mailing>**
**\*\*Deadline to mail this Claim Form is <date of mailing + 180 days>\*\***

**Section A. Personal Information**

First Name: _____ M.I.: _____ Last Name: _____

Current Street Address: _____ City, State, Zip Code: _____

Email Address: _____ Phone Number(s): _____

**[If the above information is incorrect, please provide correct information].**

**Section B. Purchase Information**
_____

Make, Model, Year (Purchased Vehicle): _____

Date of Purchase: _____

Amount of Advertised Price Markup:        $_____

**Section C. Qualifying Conditions**
_____

Please answer each of these questions:

1.  Before you purchased your (make, model and year of vehicle) on (date of purchase) did you see an advertisement for the vehicle that showed the price?

    ☐    Yes
    ☐    No

**If you answered YES, to Question 1, answer Question 2. If you answered NO to Question 1, skip Question 2.**

2.  Did you believe that the price you saw on the advertisement for the vehicle you purchased was the price [name of dealer] was offering to sell the vehicle?

    ☐    Yes
    ☐    No

By signing my name below, I affirm and attest that my answers to the Questions in Section C of this claim form are true and accurate.

Signature: _____ Printed Name: _____

Date: _____